49 P.(2d) 1135

### TURLEY v. STATE ENGINEER.

#### No. 3999.

Supreme Court of New Mexico.

Oct. 2, 1935.

Harry S. Bowman, of Santa Fé, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for appellee.

BRICE, Justice.

This is a suit against the State Engineer of the state of New Mexico for a mandatory injunction requiring him to "restore on the records of the office of the State Engineer" certain entries showing relator's water rights, which it is alleged, "the State Engineer endeavored by various and sundry actions to cancel the said claims, rights, title and interests of the said relator in and to the waters of certain streams, etc.," and also to enjoin the State Engineer from "dispensing information which questions the title of relator in the said waters, etc."

It is alleged that relator has water rights in the San Juan River System granted to him in the year of 1903 by the "Irrigation Commission of the then Territory of New Mexico" and "by the Secretary of the Interior of the United States" and that his "surveys as preliminaries for certain projects" were "filed of record collectively in the office of the territorial, now State Engineer, of the State of New Mexico" and all of which the State Engineer attempted to cancel prior to the 16th day of April, 1917. Certain allegations are made, showing the expenditure of several thousand dollars some thirty years ago toward perfecting the alleged water rights, and reasons why such rights had not been perfected. The complaint is lengthy, but the foregoing will be sufficient to determine the case.

(1) Assuming that the facts alleged in the complaint show relator has a water right and there is or was authority to file his title papers with the State Engineer so that they are public records, and assuming that the State Engineer has no authority to cancel his alleged water rights, we know of no authority in the district court to compel respondent by injunction to restore undescribed entries in records apparently attempted to be canceled by some of respondent's predecessors in office, or to cancel undescribed records made officially by respondent or his predecessors in office, nor have we been furnished any such authority by relator.

(2) Assuming that respondent is not authorized under the law (see section 151-133 and section 151-154, Comp. St. 1929), and in the course of his duty, to determine the available unappropriated water supply, and in doing so incidentally questions the water rights of any claimant, still we know of no authority, and none has been presented to us by relator, authorizing this court to enjoin the respondent from questioning relator's title to alleged water rights, or in his official capacity write letters questioning such title.

Finding no error in the record, the decree of the district court is affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.